**DENIED and Opinion Filed May 26, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00376-CV

## IN RE THE STATE OF TEXAS EX REL. JOHN CREUZOT, CRIMINAL DISTRICT ATTORNEY OF DALLAS COUNTY, TEXAS

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-40504-T**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Before the Court is the State's May 25, 2021 Petition for Writ of Mandamus and Emergency Motion for Temporary Relief. In its petition, the State requests the Court compel the trial court to vacate its order issued under article 39.14 of the code of criminal procedure compelling the State to notify the defense of the approximate dates, locations, and conduct of the predicate acts the State will rely upon to prosecute the defendant on a charge of continuous sexual abuse.

To be entitled to mandamus relief, the relator must show (1) it has no adequate remedy at law and (2) what it seeks is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). An act is ministerial if the relator has

a clear right to the relief sought. *Id.* The relator has a clear right to relief when the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *See id*.

After reviewing the State's petition and the record, we conclude the State has not carried its burden to show the trial court violated a ministerial duty in issuing the discovery order. *See id*.; *see also In re State ex rel. Skurka*, 512 S.W.3d 444, 447 (Tex. App.—Corpus Christi 2016, orig. proceeding) (concluding discovery order under article 39.14 requiring State to designate which jail recordings it would admit into evidence at trial did not exceed scope of trial court's authority so as to justify mandamus relief in light of standard of review, work-product doctrine, facts and circumstances of case, and trial court's discretion in determining issues related to discovery).

We deny the State's petition for writ of mandamus. Having denied the State's petition, we also deny as moot the State's emergency motion for temporary relief.

/Lana Myers/
LANA MYERS
JUSTICE

210376F.P05

–2–